### LEVIN v. DUNN.

(Supreme Court, Appellate Term. November 14, 1906.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Evidence in action for injuries to boy run over by defendant's truck *held* to warrant submission to jury of question of negligence of driver of truck and contributory negligence of boy.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham Levin against John J. Dunn. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Bernard Gordon, for appellant.
William L. Kiefer, for respondent.

GILDERSLEEVE, J. This action was brought to recover damages, medical expenses, and loss of services of plaintiff's son, aged 11 years, occasioned by injuries received by him through the alleged negligence of the defendant's driver. At the close of the plaintiff's case the complaint was dismissed by the trial judge on motion of defendant's attorney.

The testimony shows that, on the day the injuries were received, the son of the plaintiff started to cross from the east to the west side of

Norfolk street, this city. This street runs north and south. The boy was carrying a parcel of meat from his father's shop on the east side to the residence of a customer directly opposite. Before starting to cross the street he looked both .ways, and saw a two-horse truck ap- proaching slowly from the north about "three houses" distant. The street at this place was about 25 feet wide. Standing northerly from the point where the boy left the curb was a wagon about "one house distant." As the driver of the truck approached this wagon he swerved his horses suddenly to the west, in order to clear the wagon, and his horses increased their pace to a trot or run, and the boy was hit by the westerly horse, when about 10 feet from the westerly curb. The collision threw the boy to the ground, and the right wheel of the truck passed over his foot. The driver of the truck evidently did not see the boy at any time, as he proceeded rapidly on his way until stopped by persons who saw the accident. Under these circumstances, taking, as we must, the testimony of the plaintiff and his witnesses as true, it was a question for the jury to pass upon, both as to the negligence of the driver and the contributory negligence of the boy, and the dis- missal was improper.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DOWLING, J., concurs. DUGRO, J., concurs in result.